**Imelda Cabigao FRANCISCO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74384.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 20, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Papu Sandhu, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Imelda Cabigao Francisco, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying her applications for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir. 2002). We review the IJ's decision as the final agency determination, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003), and we will reverse the BIA's

** This disposition is not appropriate for publication and may not be cited to or by the

determination only if the petitioner shows that the evidence compels such a result, *Ochave v. INS*, 254 F.3d 859, 862 (9th Cir.2001). We deny the petition.

Substantial evidence supports the IJ's conclusion that Francisco did not establish past persecution because the harassment Francisco allegedly received from the New People's Army ("NPA") and the Moro National Liberation Front ("MNLF") was limited to sporadic threats, and Francisco offered no evidence that would compel a fact-finder to conclude that the two groups' efforts to extort money and goods from Francisco was motivated by her political or religious beliefs. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution); *Ochave*, 254 F.3d at 865–66 (requiring alien to establish nexus between alleged persecution and protected ground).

Because Francisco did not establish that the NPA or the MNLF singled her out for her religious or political beliefs, and because her testimony established that she could, and did, relocate successfully within the Philippines, substantial evidence also supports the IJ's conclusion that Francisco's fear of future persecution is not objectively well-founded. *See id.* at 867–68.

Because Francisco failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See id.* at 868.

Francisco's due process challenge to the BIA's summary affirmance of the IJ's decision is foreclosed by *Falcon Carriche*, 350 F.3d at 849–52.

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Francisco's vol-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

untary departure period will begin to run upon issuance of this Court's mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.